UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4037

EDWARD ARNOLD MILLER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4038

KAY OLDHAM MILLER,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-97)

Submitted: August 31, 1999

Decided: September 22, 1999

Before LUTTIG, MICHAEL, and TRAXLER,
Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina; Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kay Oldham Miller (Kay) appeals from an eighty-five month sentence imposed after she pled guilty to two counts of making, possessing, and uttering forged securities, 18 U.S.C.A.§ 513(a) (West Supp. 1999), and two counts of money laundering, 18 U.S.C.A. § 1956(a)(1)(B)(i) (West Supp. 1999). Edward Arnold Miller (Edward) appeals from his convictions and his sixty-one month sentence for twenty-three counts of money laundering, 18 U.S.C.A. § 1956(a)(1)(B)(i). We have reviewed the record and affirm the convictions but vacate the sentences with respect to the restitution orders and remand to the district court for further proceedings.

Edward contends that the evidence of his money laundering was insufficient to support his conviction under 18 U.S.C.A. § 1956(a)(1)(B)(i). We review a jury verdict for the sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the Government. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, ___ U.S. ___, 119 S. Ct. 1032 (1999).

2

In order to sustain a conviction for money laundering under 18 U.S.C.A. § 1956(a)(1)(B)(i), the Government was required to show that Edward knowingly conducted a financial transaction with the proceeds of an unlawful activity and that the transaction was designed, in whole or in part, to conceal or disguise the nature, source, ownership, or control of the proceeds of the unlawful activity. See United States v. Wilkinson, 137 F.3d 214, 221 (4th Cir. 1998). We have reviewed the record and find that substantial evidence supported Edward's conviction. We therefore affirm his conviction.

Kay claims that the court erroneously calculated the value of the funds that she laundered under U.S. Sentencing Guidelines Manual § 2S1.1 (1998) for the determination of her offense level. Edward claims that the district court improperly enhanced his sentence pursuant to USSG § 3C1.1 for obstruction of justice. This Court reviews a district court's factual determinations at sentencing for clear error and reviews its application and interpretation of the Sentencing Guidelines de novo. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). We have reviewed the record and the relevant case law and find these claims to be meritless.

We further find that the district court properly ordered restitution by both Kay and Edward under the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C.A. § 3663A (West Supp. 1999).[1] The MVRA does not require the court to make findings as to a defendant's financial status or his ability to pay restitution. However, the statute requires that the court, after ordering full restitution, "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." See 18 U.S.C.A. § 3664(f)(2)

_____

[1] The district court ordered Kay's restitution under the MVRA. Although she claims on appeal that the district court should not have sentenced her under the MVRA for that portion of her conduct that occurred prior to the enactment of that statute, she did not so object in the district court. In absence of a contemporaneous objection, our review is limited to whether the district court committed plain error in applying the MVRA to the portion of Kay's conduct that occurred prior to the enactment of the MVRA. See United States v. Olano, 507 U.S. 725, 732 (1993). Because it was not plainly erroneous to apply the MVRA to all of Kay's conduct, we decline to vacate her sentence on this ground.

3

(West Supp. 1999); 18 U.S.C.A. § 3663A(d). Because the court did not set a restitution schedule, we vacate the Millers' sentences and remand this case to the district court so that the court can order restitution payments in accordance with Section 3664(f). **2**

Accordingly, we affirm the Millers' convictions but vacate their sentences and remand these cases to the district court to enter a restitution order consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART AND VACATED AND
REMANDED IN PART

_____

**2** The Government concedes that remand is required for the purpose of setting a restitution schedule.

4